YEATES ET AL. *vs.* WILLIAMS.

In debt on bond, plea that the bond was given in consideration of certain tickets, notes or checks, with intent of being circulated as currency in lieu of money, is good in lear.

THIS was an action of debt determined in the Phillips circuit court, at April term, 1844, before the Hon. JOHN T. JONES, one of the circuit judges.   Williams, assignee of Williams & Co., sued Yeates & Butts on a writing obligatory, executed by Andrew J. Greer, as principal, and the defendants as securities.   The defendants pleaded in bar, that they executed the bond as securities of Greer, to the plaintiff's assignee, and that the consideration therefor, "was certain tickets, notes or tickets, purporting that Arkansas bank notes would be paid to the receiver, holder or bearer, which said tickets, notes or checks being intended to be used as a currency or medium of trade in lieu of money, the said checks, tickets or notes being not authorized so to be put in circulation, contrary to the statute in such case made and provided," concluding with a verification and prayer of judgment. The plaintiff demurred for first, that the defendants could not plead the illegality of the contract for the purpose of avoiding it, that they could not take advantage of their own wrong; that the plea did not allege the tickets to be under the denomination of five dollars; that it did not allege the tickets to have been executed by any person or corporation; that the issuance of the tickets mentioned would not avoid the contract, and that the plea was in other respects insufficient.   Demurrer sustained.    Final judgment by *nil dicit* for plaintiff and appeal.

*Hempstead & Johnson*, for appellant.    The plea substantially complies with the statute, and shows sufficient matter in bar of the action.    *Rev. Stat. ch.* 119, *p.* 647.    Every person is prohibited from creating, or putting into circulation, as a circulating medium, "any note, bill, bond, ticket or check, purporting that any money or bank notes will be paid to the receiver, holder or bearer, or that it will be received in payment of debts, or to be used as a currency or medium of trade in lieu of money."    It is a penal offence which subjects the

offender to fine and imprisonment, and also to private action. *Rev. Stat. p.* 648. The word "purporting," used in the statute, has a technical meaning, and under it whether change tickets were signed is not material. The name of a person, who had no existence, might be signed to them, and if they were put into circulation as currency, they would come within the purview of the statute. *Van Horn vs. The State, ante. United States vs. Turner,* 2 *Peters,* 132. *Penitentiary Code, sec.* 4. The intention being to suppress that kind of currency, without regard to the fact, whether such notes created a liability as to the issuer. Every contract made for, or about any matter or thing which is prohibited by statute, is a void contract, although the statute itself does not mention that it should be so, but only inflicts a penalty on the offender, because a penalty implies a prohibition, though there are no prohibitory words in the statute. *Comyn on Contracts,* 59. *Ex parte Dyster,* 2 *Rase Bkpt. cas.* 351. 1 *H. Bl.* 65. *Lowe vs. Waller, Dougl.* 736, 1 *Saund.* 205, *n.* (1.) *Lightfoot vs. Tenant,* 1 *Bos. & Pul.* 551. *Yeomans vs. Chatterton,* 9 *J. R.* 195.

This is not a case of a failure of consideration either partial or entire, but proceeds upon the ground that there never was any, that the contract was void from its very inception by reason of the illegality of the contract. Even if part of it were good, and the rest of the contract void, it would be considered as entirely void in any suit which had in view its affirmance. *Crawford vs. Morrell,* 8 *J. R.* 243. *Holmon vs. Johnson, Cowp.* 343. *Bilding vs. Pitkin,* 2 *Caines Rep.* 149, 3 *Term. Rep.* 23. *Hunt vs. Knickerbocker,* 5 *J. R.* 328.

For the purpose of carrying out the policy of the law, the court will give it a beneficial construction; and if there is sufficient in the plea to show that the bond in question was given for private notes, prohibited by statute, it will be adjudged good, and that it was averred, and the fact admitted by the demurrer.

*Pike & Baldwin,* contra. The defendants, by their plea, neither show that what they obtained was *valuless,* or that there was *fraud* or *misapprehension,* in respect to the subject matter of the contract. The demurrer was therefore properly sustained. *Fay's administrator vs. Richards et al.* 21 *Wend.* 626. *Oakley vs. Boorman, id.* 588.

The slightest consideration is sufficient for the greatest consideration. 1 *Wms. Saunders*, 211, *b.*, close of note. 2 *Phil. Ed.* of 1807. They must not address themselves to the inadequacy of the consideration. *Solomon vs. Turner*, 1 *Stark. R.* 51.

For aught that appears in this case, the transaction was fair, no fraud is alleged, and "it is not easy to see why the plaintiff should not recover upon the principles of law." *Barnum vs. Barnum*, 8 *Conn. R.* 469.

Butts and Yeates executed the bond with their eyes open. They knew the consideration, and if they were willing to execute the bond, they should abide the consequence. They cannot take advantage of their own act, to avoid their own deed. *Byers et al. vs. Aikin*, 5 *Ark.*

*By the court*, LACY J. We hold that the plea in this case is well pleaded, and defeats the plaintiff's cause of action, and consequently the demurrer to it should have been overruled. It avers that the writing sued on, was executed by the defendants, as securities of Andrew J. Greer, to the payees, and endorsed by them to the plaintiff, and that it was given in consideration of certain tickets, notes or checks, with the intent of being circulated as currency in lieu of money; and it alleges the execution and circulation of such a paper medium, to be contrary to the statute in such case made and provided. In respect to this matter, the statute is clear and explicit. The legislature intended to cut up by the root, all individual paper emissions of money, and in order effectually to accomplish this desirable and important end, they have declared, that whosoever executes or passes such a spurious currency, shall be liable criminally for such offence: and that the maker of this kind of currency shall be civilly answerable by an action for the recovery of the amount, and it utterly forbids its execution and circulation by any one. The true intent of the law was to prevent by every possible means, the utterance and circulation of such a currency. Its policy was just and wise. This can only be done by construing the act liberally. To make it an indictable offence to utter and pass individual paper issue, and to allow their amount to be received from the maker of such tickets, notes or checks, and at the

obligations taken in lieu of them, valid against securities, would not only defeat the intent of the legislature and policy of the act, but it would perpetuate the very evil intended to be avoided. Such an interpretation would not prevent their circulation as currency, but would substitute them in lieu of money. We should then have entailed upon us an irredeemable paper currency of individuals; and a more unwarrantable or erroneous state of things, it is not possible to conceive of. *Rev. Stat. ch.* 119, *p.* 674.

The demurrer is therefore overruled, and the plea adjudged sufficient to bar the action, if established by proof on the trial. Judgment reversed.